**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

| | |
|---|---|
| Joseph Murphy,<br>*Plaintiff*,<br>*v.*<br>U.S. Water Services Corporation,<br>*Defendant*. | Case No. 3:26-cv-50130<br>Honorable Michael F. Iasparro |

## REPORT AND RECOMMENDATION

The Court believes that the parties' settlement agreement and general release represents a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Accordingly, it is this Court's report and recommendation that the parties' second joint motion for approval of settlement [27] be granted. Any objection to this report and recommendation must be filed by October 27, 2026. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

## STATEMENT

On April 1, 2026, Plaintiff Joseph Murphy filed this collective action, individually and on behalf of others similarly situated, alleging Defendant U.S. Water Services Corporation violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay all wages and benefits earned at the appropriate rates. Dkt. 1. On September 18, 2026, the parties filed a joint motion for court approval of their settlement agreement along with a joint motion for leave to file the settlement agreement under seal. Dkts. 20, 21. The Court denied the parties' motion to seal [20] and the parties' renewed motion for leave to file the settlement agreement under seal [24]. Dkts. 23, 26. The parties then filed a renewed motion to approve the settlement agreement with the settlement agreement attached as a public exhibit. Dkt. 27.

The Court must determine whether the FLSA settlement "represents a fair and reasonable resolution of a bona fide dispute." *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F.Supp.3d 960, 961 (N.D. Ill. 2016); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Courts . . . have refused to enforce wholly private settlements [of FLSA claims]."). "If the proposed settlement reflects a reasonable compromise over contested issues, the court

should approve the settlement." *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 15 CV 10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016).

The Court has reviewed the parties' settlement agreement and general release. The Court finds that there is a bona fide dispute with respect to Plaintiff's claim under the FLSA. Plaintiff alleges that Defendant's compensation policy did not compensate Plaintiff with the proper hourly and overtime rates in accordance with federal and Illinois law for his work since August 2021. Plaintiff previously received a payment pursuant to a settlement agreement between Defendant and the Illinois Department of Labor, but Plaintiff did not believe that this payment was sufficient to remedy his alleged underpayment. Defendant disputes Plaintiff's claims and calculations for the amounts allegedly owed. The agreement was the result of negotiations between the parties who were represented by competent counsel.

As such, the Court recommends the District Court approve the parties' settlement agreement and general release and find that the total settlement amount of $37,000 – consisting of one previously paid payment of $7,855.49 for the prior settlement agreement between Defendant and the Illinois Department of Labor, one payment for alleged lost wages in the amount of $18,413.93, and one payment for attorneys' fees in the amount of $10,730.58 – is fair and reasonable given the legal dispute between the parties and the inherent risk of litigation. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation."). The Court further recommends the District Court deny the parties' first motion to approve settlement [21] as moot, grant the parties' renewed motion to approve settlement [27], and dismiss the case with prejudice. Any objection to this report and recommendation must be filed by October 27, 2026. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank*, 882 F.2d at 260-61.

Entered: October 13, 2026

By: ______________________________
Michael F. Iasparro
United States Magistrate Judge